Mr. Justice Richardson
delivered tbe opinion of the court ;
Where a party to a suit at law has subpoenaed a witness, which witness, in pursuance of the subpoena, attends the trial, there is no doubt that the witness has a right of action against such party for his legal costs. This right arises from an implied contract, to pay for the time lost by the witness, while in the service of the party suppcenaing him; but there can be no .such contract implied between such witness and any other party to the sáme suit at law. It is true that when either party obtains a verdict, a decree at law, &c. he may have the legal costs paid or to be paid his own witnesses, taxed, and may recover such costs from the party against whom the verdict or decree lias been obtained, by virtue of an act of the legislature. But this can be done in the court only where the decree or verdict has been obtained. It is allowed to the successful party, under the supposition that he has been put to the same expense by reason of the suit. In a word, the party subpcenaing is liable to his own witness, and in case of success may recover against the opposite party ; but it does not follow that the witness can do the same. It would, too, be altogether needless, if not very dangerous, to suffer a magistrate to tax the costs arising out of a suit, not carried on before himself. Such costs are always taxed by the proper officer of the court, and mistakes would arise, if any other tribunal should intermeddle. In cases like the one before us, it would be suffering the magistrate in effect, to review the taxation of costs, and to increase or diminish those allowed by the Circuit Court. The attorney, clerk, ■sheriff, or witness having costs disallowed by the highest -court, might appeal to the equity and justice of the court for the trial of small and mean cases.
The motion is therefore granted.
Justices Nott, Colcoch, Gantt and Johnson, concurred.
contra.